UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Edward S. Kiel |
| v. | Criminal No. 19-cr-246 (ESK) |
| CREAGHAN HARRY | **SCHEDULING ORDER** |

This matter having come before the Court on the application of the United States (Darren C. Halverson, Acting Assistant Chief appearing); and the Defendant being represented by Isaac Wright and Michael Robertson, and the Court having determined that this matter should be scheduled for trial; and for good cause shown,

It is on this _____ day of October, 2025, ORDERED that:

1. The Government shall provide its pre-marked exhibits on or before January 16, 2026.

    a) The authenticity and chain of custody of the Government's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 1(c).

    b) If the Government discloses the scientific analysis of an exhibit that it proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 1(c).

c) If the defendant wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the defendant shall file, on or before January 30, 2026, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

2. The Defendant shall provide its pre-marked exhibits on or before January 23, 2026.

a) The authenticity and chain of custody of the Defendant's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 2(c).

b) If the Defendant discloses the scientific analysis of an exhibit that the Defendant proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 2(c).

c) If the Government wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Government shall file, on or before January 30, 2026, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

3. The Government shall provide all material to be disclosed under <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and its progeny, on or before February 2, 2026, and shall, if it agrees to do so, provide any material to be provided under the Jencks Act, 18 U.S.C. §3500, on or before the same date.

4. The Defendant, if he/she agrees to do so, shall produce all "reverse Jencks" that is required to be disclosed under Federal Rule of Criminal Procedure 26.2 on or before February 6, 2026.

5. If the Government intends to offer any Rule 404(b) evidence, the Government shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before January 9, 2026.

6. If the defendant intends to offer any "reverse Rule 404(b)" evidence, the defendant shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before January 30, 2026.

7. The Defendant shall notify the Government of any advice of counsel defense, or good faith based on reliance on advice of counsel, no later than November 21, 2025. The Defendant must also waive privilege over the subject matter of the advice purportedly relied upon.

8. The Government shall provide expert disclosures, if any, not later than December 12, 2025.

9. The Defendant shall provide expert disclosures, if any, no later than January 9, 2026.

10. The parties shall file any in limine motions, addressed to the admissibility of evidence, on or before January 23, 2026; responses to such motions may be filed on or before January 30, 2026; replies, if any, may be filed on or before February 3, 2026; and oral argument on such motions shall be held on February 6, 2026 at 10 a.m.

11. The parties shall file any *voir dire* requests on or before February 2, 2026.

12. The Government shall file any requests to charge addressed to (a) preliminary instructions to the jury, and (b) the elements of the offenses at issue, on or before February 2, 2026.

13. The Defendant shall file any requests to charge addressed to (a) preliminary instructions to the jury, and (b) the elements of the offenses at issue, on or before February 6, 2026.

14. The parties shall file all other requests to charge on or before February 9, 2026.

15. Jury selection and trial shall commence on February 9, 2026, at 9 a.m.

_____
Honorable Edward S. Kiel
United States District Judge