**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Edward Kiel, U.S.D.J. |
| v. | Crim. No. 19-246 |
| CREAGHAN HARRY | **MOTION TO MODIFY CONDITIONS OF RELEASE** |

PLEASE TAKE NOTICE, that upon a date and time to be determined by the Court or as soon as thereafter as counsel may be heard, Michael H. Robertson, Esq. and Isaac Wright, Jr., the undersigned counsels for the Defendant, Creaghan Harry, will move before this Court for an Order modifying Defendant's conditions of release to remove the condition of home incarceration (while maintaining electronic monitoring), and remove the condition of computer monitoring software.  Pre-Trial Services ("PTS") opposes this modification.  Defendant Harry will rely on the following arguments in support of this motion.

**Background**

On or about May 21, 2024, Defendant appeared before the Honorable Madeline Cox Arleo, U.S.D.J., and was released subject to several conditions.  One of the many conditions imposed was twenty-four (24) hour home incarceration, which included electronic monitoring ("EM").  Defendant was also subject to computer monitoring and ordered to pay for the cost of the monitoring software. Defendant has been compliant and not violated any of the conditions. Because Defendant resides in Florida, Pre-Trial Services ("PTS") monitoring has been

performed by the PTS Office located in West Palm Beach, Florida; however, PTS in New Jersey is the supervising district and is responsible for any modifications to Defendant's conditions of release.

Counsel for Defendant contacted the Assistant U.S. Attorney's prosecuting this matter, who have taken no position on the proposed modifications sought on behalf of Defendant and have instead deferred to PTS. PTS – New Jersey opposes the modifications and advised counsel for Defendant to indicate same in this application. Accordingly, on behalf of Defendant Creaghan, we respectfully request oral argument on the proposed modifications of conditions of release.

As stated earlier, since May 2024, Defendant has been compliant with his conditions of release. He is charged with a "white collar" criminal offense with absolutely zero allegations of violence. Defendant is not a flight risk becuase he has no financial means to leave the United States, let alone the state of Florida. Moreover, his family consisting of his children and wife all reside with him in Florida. His trial is currently set for September 2026, and he has made every court appearance he was ordered to attend. Defendant has made clear his intention of attending his own trial and proving his innocence. In short, Defendant is not a flight risk and there is no longer a reason to maintain the condition of twenty-four (24) hour home confinement. If there is even a legitimate concern about Defendant's risk of flight, then Defendant does not oppose maintaining EM with a set curfew. These modified conditions are not unreasonable in light of the circumstances and history of this case and will assure Defendant's appearances in the future.

Additionally, we request the removal of the computer monitoring software condition due to the financial burden placed on Defendant. Defendant's limited ability to work, coupled with the day to day finances and responsibility to help support his family make the payment of

$100.00 per month to maintain the computer monitoring software a burden. Defendant poses no cyber threat or concern about computer misuse and we therefore request that the condition of computer monitoring software be removed.

### Conclusion

For all the foregoing reasons, along with the lengthy history of this case, we ask the Court to give serious consideration on the proposed modifications to Defendant's conditions of release. We request oral argument upon a date and time to be determined by the Court or as soon as thereafter as counsel may be heard.

Respectfully submitted,

/s/ *Michael H. Robertson*

Michael H. Robertson