**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
| --- | --- |
| UNITED STATES OF AMERICA | Hon. Edward Kiel, U.S.D.J. |
| v. | Crim. No. 19-246 |
| CREAGHAN HARRY | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

The Defendant, Creaghan Harry submits this reply to Government's response in opposition to Defendant's motion to modify conditions of release. The Defendant seeks to modify conditions of release by removing the condition of home incarceration (while maintaining electronic monitoring) and remove the condition of computer monitoring software. The Government in its response does not take a position on Defendant's request to remove the condition of computer monitoring software, accordingly, the Defendant would respectfully request this Court grant that modification request.

The remaining modification seeks to have Defendant remain on electronic monitoring with no condition of twenty-four hour (24) home confinement. The Government opposes this modification and suggests that if the Court were inclined to remove home incarceration, the next, less restrictive level of supervision would include: (1) continued location monitoring, (2) curfew, and (3) home detention with exceptions for approved activities. Defendant would like to point out to the Court in its moving papers, it was never suggested to remove electronic monitoring

and further suggested a curfew be imposed if the Court was not inclined to remove twenty-four (24) hour home confinement.

There is no valid reason to keep Defendant on twenty-four (24) hour home confinement. Defendant is not going to rehash the lengthy and voluminous history of bail conditions related to this matter but suffice to say, it has been the subject of much litigation. Defendant is charged with a "white collar" offense with zero allegations of violence. Since his release, he has been compliant with the terms of his electronic monitoring per the pre-trial services officer in West Palm Beach, Florida, where Defendant resides and is monitored.[1] Defendant poses no risk of flight. Defendant resides with his family in Florida, he has no financial ability to flee, he surrendered his passport and he has attended every court appearance he was ordered to attend. Moreover, Defendant has made clear his intent of attending trial in his own defense. The simple fact is Defendant is not a flight risk and he does not pose a danger to the community.

For the foregoing reasons Defendant respectfully seeks to maintain electronic monitoring but remove the condition of twenty-four (24) hour home confinement. In the alternative, Defendant would seek modification of his release to include a curfew as deemed appropriate by this Court after consideration of written submissions and oral argument.

Respectfully submitted,

/s/ *Michael H. Robertson*
Michael H. Robertson

---

[1] On or about April 21, 2026, counsel for Defendant (Michael H. Robertson, Esq.) confirmed with PTS Officer Lou Michelle that Defendant has been compliant with the conditions of electronic monitoring.