**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Edward S. Kiel |
| v. | : | Crim. No. 19-246 (ESK) |
| CREAGHAN HARRY | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S RENEWED REQUEST TO PRECLUDE ANY ADVICE-OF-COUNSEL DEFENSE AND ANY EXHIBITS (ECF No. 537)**

Defendant Creaghan Harry, appearing pro se, respectfully opposes the Government's renewed request (ECF No. 537). I am not asking the Court to delay the trial. In Part V, below, I propose responses to all of the requests. Each of them answers a problem the Government raises, and I have already begun carrying some of them.

## I. The October 30 Ruling

At the October 30, 2026 conference the Court denied the Government's advice-of-counsel motion without prejudice and said the Government could renew it if the timing of the defense prejudiced it. Oct. 30, 2026 Tr. 54:25–55:5. The Government stated that it had asked for the exhibits I would rely on for that defense, and the Court directed me to work with Mr. Halverson on identifying the exhibits related to advice of counsel. I said I would. Tr. 55:22–56:14. Since then I have sent the waiver, a supplemental waiver, both exhibit lists, the documents, and a since ECF 537 was filed, a created a crosswalk tying the exhibits to the Government's production numbers.

## II. The Waiver Is Now Complete, and the Government May Contact Every Attorney

The acknowledgement I sent on the morning of October 31 was the one I signed on October 15, while I was represented, as I told the Court I would do (Tr. 54:7–24). The Government correctly points out that it did not include the money-laundering subject matter, even though I had said the advice also concerned the corporate structure. I saw that inconsistency, and the next morning, November 1, I signed and sent an Amended and Supplemental Acknowledgement that fixes it. ECF No. 537-1. The supplement adds; it does not withdraw anything. It waives privilege as to the attorneys' advice on (1) anti-kickback compliance, (2) Medicare billing compliance, including medical necessity and the questions, workflow and software physicians used to document services,

and (3) the corporate and entity structures, transfers, distributions and payments at issue, including compliance with 18 U.S.C. §§ 1956 and 1957 (Count Seven). It covers Jeffrey Baird and Denise Leard of Brown & Fortunato, P.C.; Lee Lasris and Karen B. Schapira of Greenspoon Marder LLP; and Richard Ozelie. A waiver that grows to cover everything I said I relied on is the opposite of using privilege as both a shield and a sword.

**Ms. Leard and Ms. Schapira.** My former counsel struck Ms. Leard's name on October 2, before I had personally reviewed the documents. When I compiled the advice-of-counsel documents myself, I found communications from both attorneys, most of them in the Government's own productions. I added them so that nothing would be held back, not to gain any advantage.

**The notice provision.** I am happy to withdraw the 24-hour notice provision in the November 1 acknowledgement. I thought that was standard verbiage. The Government may contact any attorney named in any of my waivers without notice to me.

**The tax counts.** I do not assert advice of counsel as a defense to Counts Eight through Eleven, and I will not argue to the jury that any attorney advised me on the preparation or filing of the tax returns charged in those counts. In 2019 I consulted Nicole Ofstein, Esq. about resolving balances with the IRS. She is on my witness list as a fact witness, but I do not offer her communications as advice I relied on. If the Court concludes that my waiver must nonetheless extend to the tax counts, I will sign that waiver immediately and add attorney Nicole Ofstein.

## III. The Exhibits Are Identified by Attorney, Date and Subject, and Tied to the Government's Production Numbers

I understood from the Court's October 30 direction that the advice-of-counsel documents should be identified separately so the Government would know which exhibits relate to that defense, and the AOC list does exactly that. The DX list is the set of exhibits I plan to use at trial. The overlap the Government describes (for example, DX-883 and AOC-20) is intentional. The total number of distinct documents is 923 (DX-1 through DX-923), not 1,536. On October 30 I estimated about 670 exhibits; the rest were added as I completed the advice-of-counsel set the Court asked about, and most of them come from the Government's own productions.

**Which attorney, what subject, and when.** The AOC list is organized by attorney and identifies each document by date, author and subject: Greenspoon Marder LLP (Lee Lasris and Karen Schapira), 427 documents dated November 2015 through April 2019; Richard Ozelie, 193 documents dated May 2014 through April 2019; and Brown & Fortunato, P.C. (Jeffrey Baird and Denise Leard), 58 documents dated November 2015 through October 2018. The subjects are the three subjects stated in the waiver.

**Source and Bates numbers.** At 3:06 p.m. on November 1, I emailed Government counsel, with copies to standby counsel and chambers, a crosswalk that maps every one of the 1,601 entries on both lists (DX-1 through DX-923 and AOC-1 through AOC-678) to the Government production file or Bates number where I have identified one. It identifies a Government production file for 628 of the 923 DX exhibits and 522 of the 678 AOC entries. It marks which matches are direct and which were matched by date and subject and still need confirmation. For the remaining items it states the source, such as Greenspoon Marder Bates numbers, the Brown & Fortunato production to me, or my own email accounts.

**Delivery.** I worked on the lists and documents throughout October 31. I have barely stopped to sleep in 3 days. The Box.com upload link the Government provided locked up for hours and did not restart, so I also sent the materials by Google Drive email and prepared USB drives to hand to Government counsel in person on November 2. The USB drives include every exhibit on both lists.

**Duplicates, versions and format.** Some documents exist in more than one version, for example a native email and a rendered copy, or the same email with and without its attachment; the Brown & Fortunato advice exists in three materially different versions together with the NPC contracts. If the Government identifies any exhibit by number that appears to be a duplicate, unreadable, or rendered as a block of text, I will replace it with a PDF of the native email. For any exhibit that did not come from the Government's productions, I will provide the native file on request.

## IV. Documents After April 5, 2019

I was given no instruction on a cutoff date, so I included every attorney communication I found. I can withdraw AOC-647, AOC-648 and AOC-649 (also listed as DX-626, DX-627 and DX-628). DX-719, and the post April 9, 2019 emails. Some of these were from tax attorney Nicole

Ofstein Esq. regarding getting caught up with payments to the IRS as she did not know I was under arrest and was following up on our prior communications.

**V. Preclusion Is Not Warranted Because Lesser Measures Cure the Prejudice**

Rule 16(d)(2) permits the Court to "enter any other order that is just under the circumstances," and exclusion of defense evidence is reserved for violations that are "willful and motivated by a desire to obtain a tactical advantage." Taylor v. Illinois, 484 U.S. 400, 415 (1988). My delays were not a tactic. I changed from represented to self-represented in the final weeks before trial, and since October 30 I have done each thing I said I would do. I have also enlarged the waiver, withdrawn its notice condition, offered to withdraw the post-April 2019 items, limited my use of the two newly listed attorneys if required, and identified the source of the exhibits.

I therefore respectfully ask the Court to:

(a) deny the request to preclude the advice-of-counsel defense and the good-faith defense;

(b) decide if I should remove the post-April 5, 2019 (or April 9, 2019 – arrest date on sealed indictment) items (AOC-647 through AOC-649 and DX-626 through DX-628), my limitation on DX-719, my limitation on documents written by Ms. Leard and Ms. Schapira, and my statement that I do not assert advice of counsel on Counts Eight through Eleven or the requirement to include them;

(c) deny the request to exclude all exhibits.

**VI. Conclusion**

I am giving this my full effort, and I am trying to comply, not to gain an advantage. For these reasons, I respectfully ask the Court to deny the Government's renewed.

Respectfully submitted,

x__________________________________

Creaghan Harry

Defendant, pro se
creaghanaharry@gmail.com
(561) 975-6762

Dated: November 1, 2026