**UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY**

United States of America v. Creaghan Harry, Crim. No. 1:19-cr-246 (ESK) (Hon. Edward S. Kiel, U.S.D.J.)

# DEFENDANT'S MOTION FOR RELIEF CONCERNING FTC-RELATED TESTIMONY: TO STRIKE AND FOR PROCEDURAL SAFEGUARDS

Defendant Creaghan Harry, pro se, moves under Federal Rules of Evidence 103, 104 and 403 for the relief below, to be heard outside the jury's presence before testimony resumes.

## Relief Requested

1. Strike Mr. Gass's FTC testimony or, at a minimum, the details exceeding any limited purpose (the $500,000 figure, "bad actor," "spam king," and the FTC charges), and instruct the jury to disregard them.
2. Find whether the FTC evidence is intrinsic and, if not, whether it satisfies Rules 404(b) and 403.
3. Bar any reference to the FTC matter in closing, cross-examination of Mr. Harry, or rebuttal without prior leave.
4. Require an offer of proof outside the jury's hearing before any other-acts evidence, including the Paul Tom matters in Mr. Harry's pending motion.
5. Before any further lifestyle evidence, require the government to show outside the jury's hearing the bank records tracing each item to charged proceeds in the charged period, and strike the untraced testimony at Nov. 5 Tr. 458:14-459:12.
6. Direct the government to instruct its remaining witnesses on the Court's rulings, and reserve Mr. Harry's right to seek further relief.

## Background

**FTC.** The Court found the government's Rule 404(b) notice untimely and ruled the FTC matter could come in only if the government could "prove up its

foundation as to how it's intrinsic," which "will have to wait for the testimony at trial" (Nov. 3 Tr. 20:2-20). On November 5, Mr. Gass volunteered that he knew of "trouble with the FTC" from Googling Mr. Harry (Nov. 5 Tr. 444:4-8). Over objection, the Court allowed the subject on the government's sidebar proffer that Mr. Gass would say Mr. Harry "lulled him into a sense of security" about nominee owners (Nov. 5 Tr. 444:23-446:5). That testimony never came. Twice asked whether Mr. Harry tied the FTC settlement to the companies or their ownership, Mr. Gass said no (Nov. 5 Tr. 447:3-5, 448:5-8). Instead he described a "$500,000 fine," "bad actor" status and false-advertising charges, called Mr. Harry "the spam king," and said he "got caught" (Nov. 5 Tr. 460:19-461:19).

**Lifestyle.** The Court allowed lifestyle evidence only "if it goes to an issue in the case," told the government "we will have to see if you make that link," and said: "I'm not a fan of the Government showing the riches of someone and saying that they must have done something wrong. I will control that" (Nov. 3 Tr. 30:16-25, 33:14-20). On November 5 the government offered photographs of Mr. Harry's former home (GX 1223) and a motor home (GX 39), with testimony about his watch, car, personal relationship, a hotel in Colombia and a summer home in Europe (Nov. 5 Tr. 454:22-459:12). Nothing tied any of it to charged proceeds. The home was acquired more than a decade and a half before the charged period;

the Colombian hotel does not exist; and the house in Orron, Sweden belongs to the family of Mr. Harry's son, on land that family has held for generations.

## Argument

### I. The required foundation was never laid, and the evidence is not intrinsic.

An uncharged act is intrinsic only if it directly proves the charged offense or was performed contemporaneously with and facilitated it; all else falls under Rule 404(b). *United States v. Green*, 617 F.3d 233, 248-49 (3d Cir. 2010). The government must articulate a non-propensity purpose and chain of inferences, and the Court must state its reasoning on the record. *United States v. Caldwell*, 760 F.3d 267 (3d Cir. 2014); *United States v. Sampson*, 980 F.2d 883, 887-89 (3d Cir. 1992). A proffer by counsel is not that foundation. *Huddleston v. United States*, 485 U.S. 681 (1988). A 2006 civil FTC settlement mentioned to a prospective employee neither proves nor facilitated any charged offense; it is a prior act, which is Rule 404(b) territory the Court closed for lack of notice. And the government's theory that Mr. Harry gave a false FTC explanation to "lull" a co-conspirator (Nov. 2 Tr. 13:4-18) invites the very inference Rule 404(b)(1) forbids: that he cheated before. *Old Chief v. United States*, 519 U.S. 172 (1997).

### II. The testimony did not match the proffer and exceeded any permitted purpose.

The objection was overruled on a representation that Mr. Gass would describe lulling about nominee owners; he did not. The Court's later instruction

named a different purpose: why Mr. Harry held no corporate title (Nov. 5 Tr. 462:14-463:1). Even for that purpose, the fine amount, "bad actor," "spam king" and "got caught" add nothing but character, and a general instruction cannot cure evidence with no permissible use. *Sampson*, 980 F.2d at 887-89. No finding of bad faith is needed; the Third Circuit has vacated a conviction where the government elicited testimony at odds with its representation to the court, despite a strong curative instruction, because the fairness of the trial is the measure. *United States v. Liburd*, 607 F.3d 339 (3d Cir. 2010).

**III. Lifestyle evidence must be tied to charged proceeds or disregarded.**

The November 3 ruling was a conditional-relevance ruling. When the condition is not met, "the trial court must instruct the jury to disregard the evidence." *Huddleston*, 485 U.S. at 690. Wealth evidence without that link shows only that a defendant is "greedy and rich," and its "probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Mitchell*, 172 F.3d 1104 (9th Cir. 1999); see *United States v. Stahl*, 616 F.2d 30 (2d Cir. 1980). The government may prove income through expenditures, *Holland v. United States*, 348 U.S. 121 (1954), but a home acquired long before the charged period, a nonexistent hotel and a family property in Sweden say nothing about income in the charged years. Mr. Harry, who is not a lawyer, did not object when GX 1223 and

GX 39 were offered; he objects now and asks that this motion be treated as his objection and motion to strike under Rule 103(a)(1).

**IV. The same order of proof should govern the Paul Tom evidence.**

The Court deferred Mr. Harry's Paul Tom and MediBiotech motion until a foundation is laid at trial (Nov. 3 Tr. 21:14-23:6). An earlier venture that will open up a trial within a trial, where the defendant is going to be forced to introduce advice of counsel from the prior business and a wealth of other facts to prove that it was also legal is not intrinsic because it helps tell a story, so an offer of proof should come first. *Green*, 617 F.3d at 248-49.

## Safeguards for the Remainder of Trial

1. The government files, by a date the Court sets, a list of other-acts and lifestyle topics it plans to raise through each remaining witness, so the Court can rule in advance and instructs each of its witnesses what not to discuss.
2. At any sidebar on such evidence, the government states the specific facts the witness will give and, afterward, whether the testimony matched; if not, it is stricken.

## Conclusion

Mr. Harry respectfully asks that the motion be granted.

Politely and Respectfully submitted,

Creaghan Harry, pro se Nov 6, 2026