**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA,
v.
CREAGHAN HARRY, Defendant.

Crim. No. 1:19-cr-246 (ESK)
Hon. Edward S. Kiel, U.S.D.J.

**DEFENDANT'S MOTION IN LIMINE REGARDING GOVERNMENT WITNESS MICHAEL PETRON, INCLUDING AN ORDER UNDER FED. R. EVID. 615(b)**
(Ruling requested before the witness testifies, outside the jury's presence)

Defendant Creaghan Harry asks the Court to resolve six issues before Michael Petron of Stout Risius Ross, LLC testifies, so they need not be raised at sidebar in front of the jury. The Government calls Mr. Petron its "summary witness" for "Government's Exhibit 1 through 79." 11/19 Tr. 1944:12-19. He files now because trial resumes on November 30 and the Thanksgiving holiday leaves little time, and asks that the motion be heard before Mr. Petron takes the stand. If the Government answers Defendant's November 22 requests (Ex. A) before then, Defendant will promptly tell the Court which issues are resolved.

**1. The underlying records, final charts, workpapers and assumptions have not been provided.**

On November 1, the Government wrote that its "summary exhibits (GX 7 through GX 73) identify the sources relied upon" and that Mr. Petron would discuss them. That evening Defendant asked it to "identify the Bates ranges of the underlying records for summary exhibits GX 7 through GX 73 that will be offered under Rule 1006, and whether any of those exhibits will instead be used only as demonstratives under Rule 107." He received no answer. He made the same request of the Court the same night (ECF No. 544, Part V.2(d)). On November 22, 2026, he asked again in writing, now for GX 1 through 79, and also asked for the final charts, the database, workpapers, payee-name normalization tables, claims-matching logic and calculations behind them, and every

assumption Mr. Petron was given, including about who owned or controlled the accounts and companies grouped as "Harry Entities" on GX 43. Ex. A, items 1(a)-(c). He requested a response by November 24. He has not received any of this, in any production or otherwise; <u>the most recent version of the charts he has is Mr. Petron's January 2026 draft deck</u>.

The proponent of a summary "must make the underlying originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place" Fed. R. Evid. 1006(b). Summary evidence "is admissible under Rule 1006 only if the underlying materials upon which the summary is based are admissible." *United States v. Pelullo*, 964 F.2d 193, 204 (3d Cir. 1992). **Requested ruling:** an order that the Government produce Ex. A items 1(a)-(c) by a date the Court sets to allow the defense the time to review it, and that any chart for which they are not produced not be offered. Fed. R. Evid. 1006(b); Fed. R. Crim. P. 16(d)(2)(A), (C).

**2. Sequestration: an order under Rule 615(b), and a representation from the Government.**

The Government invoked the rule on November 4: "we forgot to invoke the rule yesterday, but we would like to do that, the rule on sequestration of witnesses." The Court responded, "Yes, that's the general rule." 11/4 Tr. 211:10-17. No order under Rule 615(b) was requested or entered. Since the 2023 amendment, an order under Rule 615(a) "operates only to exclude witnesses from the courtroom"; the Court "may also, by order: (1) prohibit disclosure of trial testimony to witnesses who are excluded from the courtroom; and (2) prohibit excluded witnesses from accessing trial testimony." Fed. R. Evid. 615(b). Sequestration "exercises a restraint on witnesses 'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid." *Geders v. United States*, 425 U.S. 80, 87 (1976); *see Gov't of the V.I. v. Edinborough*, 625 F.2d 472, 473 (3d Cir. 1980) (Rule 615 serves "to discourage or expose fabrication, inaccuracy and collusion"). "The opportunity to shape testimony is as great with a witness who reads trial

testimony as with one who hears the testimony in open court." *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981).

The request rests on the record. In *United States v. Blackman*, No. 1:23-cr-20271 (S.D. Fla.), tried by the same lead prosecutor (*Blackman*, ECF No. 494 at 1), the defense reported that on May 5, 2026 the Government "stated in court it intended to provide testimony and exhibits from this trial to its witness Michael Petron," and then sent counsel the portions it would give him, including the testimony of four trial witnesses, among them Vitaly Zubry, who also testified here. *Blackman*, ECF No. 452 at 1-2. On cross-examination, asked whether other information would change his grouping of accounts as "Blackman-controlled," Mr. Petron answered: "If I am asked to make a different assumption, I could. I did review testimony that was clear that he was controlling those accounts." The court told the jury to disregard the answer. *Blackman*, ECF No. 495 at 57:8-17. Defendant does not accuse the Government of doing anything improper in this trial. He asks the Court to find out, on the record, before the witness testifies, and to make the limits clear. Relief after the fact is limited, because a violation does not automatically disqualify a witness and prejudice must usually be shown. *Edinborough*, 625 F.2d at 474. Where the scope of a sequestration request may be unclear, "a greater level of specificity is advisable." *Id.* at 475 (quotation omitted). Defendant asked the Government this question in writing on November 22. Ex. A, item 1(e).

**Requested ruling:** (a) an order under Rule 615(b)(1)-(2), for the rest of trial, that the Government, its agents, and Stout and its personnel not disclose trial testimony in any form (transcripts, daily copy, excerpts, summaries or descriptions) to any witness who has not yet testified, and that no such witness access it; (b) a direction that the Government state on the record whether it, its agents or Stout have given Mr. Petron, or anyone at Stout working on this case, any

trial testimony in any form since November 3, 2026, and if so, what and when, with a copy to the defense; (c) if so, a short examination of Mr. Petron outside the jury's presence and appropriate relief; and (d) an order that Mr. Petron not testify that he relied on or reviewed other witnesses' testimony.

**3. Expert or summary witness: the Government must choose.**

The Government's January 30, 2026 disclosure says it "does not contend or concede" that Mr. Petron's testimony is expert testimony, yet it lists his "Statement of Opinions," based on "training and experience in forensic accounting," and says Stout "traced the proceeds" of Medicare reimbursements into specific purchases. In *United States v. Joseph*, 108 F.4th 1273 (10th Cir. 2024), *cert. denied*, 145 S. Ct. 2863 (2025), the Government offered this same witness as a lay witness to explain bank transactions. The Tenth Circuit held that was error: testimony "is no longer lay testimony . . . if it moves beyond basic mathematics by considering advanced topics or by requiring the selection of a mathematic methodology," and Mr. Petron "had to choose between multiple possible methodologies for tracing bank funds." *Id.* at 1283. The error was harmless there only because a case agent separately walked the jury through the same records. *Id.* at 1283-84. Here, by stipulation, the case agent will not. 11/19 Tr. 1943:14-1944:22. Defendant recognizes the Court's November 18 ruling that the revenue agent's identification of personal expenses was not expert testimony (11/18 Tr. 1690:8-1694:6); tracing "proceeds" through commingled operating accounts is different, because the chosen tracing method drives the result.

The same point follows from Rule 615. A witness who summarizes voluminous records has no need for other witnesses' testimony; his charts must rest on the records. If the Government contends Mr. Petron needs trial testimony, it bears the burden of showing he is "essential" under Rule 615(a)(3). The rule "carries a presumption favoring sequestration," and exemptions are

construed "narrowly in favor of the party requesting sequestration." *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628 (4th Cir. 1996); *accord Edinborough*, 625 F.2d at 475. There is no automatic exemption for experts; the witness must be "'essential,' rather than simply desirable." *Opus 3*, 91 F.3d at 629 (quoting *United States v. Jackson*, 60 F.3d 128, 135 (2d Cir. 1995)); *Miller*, 650 F.2d at 1373-74. **Requested ruling:** if the Government offers Mr. Petron as an expert, or contends he needs trial testimony, it should qualify him under Rule 702 outside the jury's presence (*see* 11/3 Tr. 46:5-47:1) and he should be limited to his disclosed opinions. Otherwise, he should be limited to Rule 1006 summaries of admitted records, without tracing conclusions or opinions.

**4. Argumentative labels, assumptions and estimates.**

A chart that reflects the preparer's conclusions is "not so much [a] summar[y] of admissible evidence" as the witness's "conclusions," and Rule 1006 does not permit it. *Pelullo*, 964 F.2d at 205. The following should be removed or relabeled neutrally: "Shell Co." (draft slides 3-4); "Entities Named in Indictment" (draft slides) and "Harry Entities" (GX 43); "for the Benefit of Harry" (GX 45-46); "Nominee Owners" (GX 49); "Harry's Model" (GX 4, a demonstrative not in evidence, 11/4 Tr. 324:5-11; *see* Fed. R. Evid. 1006(c), 107); and "luxury" (disclosure at 3). Accounts should be identified by name and signatory, as the records show, with any assumption stated as an assumption. In *Blackman*, when the court asked why accounts had to be called "Blackman-controlled," the prosecutor answered: "we just captioned it 'Blackman-controlled.' It could be captioned HealthSplash-related accounts. It could be captioned something else." *Blackman*, ECF No. 494 at 11:5-13. The same is true here. And the "$784 million in claims" figure, which on the draft slides includes $114,777,063 billed for "Other Signed Orders" with no claims data and $190,796,963 of Part C billing with no payment data, should be excluded or broken out and labeled as an estimate. Fed. R. Evid. 403, 1006.

**5. Scope and single-record charts.**

The disclosure addresses only the payments charged in Counts 2 through 4. Mr. Petron should not give opinion testimony on Count 5 (GX 17-18) or any other undisclosed subject. Fed. R. Crim. P. 16(a)(1)(G)(iii), 16(d)(2)(C). GX 69-72 (selected examples for individual physicians) and GX 78-79 (the claims of a single beneficiary each) do not summarize voluminous records; as the Court has explained, a summary chart distills "documents that are too voluminous to show to the jury." 11/18 Tr. 1695:19-22. They should not be admitted under Rule 1006.

**6. Impeachment material.**

Defendant requested these materials in writing on November 22 (Ex. A, item 1(d)); none has been produced previously. The Government should produce his prior sworn testimony on the subjects of his testimony here, including the cases on the testimony list it sent on November 17, to the extent in its possession; any statement by Mr. Petron or Stout about the share of Stout's work that comes from the Department of Justice (including the December 22, 2022 statement identified in *Blackman*, ECF No. 520 at 21); and his notes, work papers and draft reports for this case to the extent they are statements under Rule 26.2(f). *Giglio v. United States*, 405 U.S. 150, 154-55 (1972); 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a).

A proposed order is attached. Exhibit A is Defendant's November 22, 2026 email to the Government.

Dated: November 22, 2026

Respectfully submitted,

Creaghan Harry, Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA,
v.
CREAGHAN HARRY, Defendant.

Crim. No. 1:19-cr-246 (ESK)
Hon. Edward S. Kiel, U.S.D.J.

**[PROPOSED] ORDER ON DEFENDANT'S MOTION IN LIMINE REGARDING MICHAEL PETRON**

Having considered Defendant's motion in limine regarding Government witness Michael Petron, IT IS on this ____ day of _______________, 2026, ORDERED that:

1. By _____________, 2026, the Government shall (a) identify, for each of GX 1 through 79, the Bates ranges of the records it summarizes and whether it is offered under Fed. R. Evid. 1006 or used only under Rule 107; (b) produce the final versions of those exhibits and make available the database, workpapers and calculations used to prepare them; and (c) identify any assumption Mr. Petron was given about the ownership or control of any account or entity. Any chart for which these are not provided shall not be offered.
2. Pursuant to Fed. R. Evid. 615(b)(1) and (2), for the remainder of trial, the Government, its agents, and Stout and its personnel shall not disclose trial testimony in any form, including transcripts, daily copy, excerpts, summaries or descriptions, to any witness who has not yet testified, and no such witness shall access trial testimony.
3. Before Mr. Petron testifies, the Government shall state on the record whether it, its agents or Stout have provided Mr. Petron, or anyone at Stout working on this matter, any trial testimony in any form since November 3, 2026, and if so, shall identify what was provided and when and produce a copy to the defense. If any was provided, the Court will permit examination of Mr. Petron outside the presence of the jury and will consider appropriate

relief. Mr. Petron shall not testify that he relied on or reviewed the testimony of other witnesses unless the Court first permits it.

4. Before Mr. Petron testifies, the Government shall state whether it offers him as an expert. If so, or if it contends he requires trial testimony, it shall qualify him outside the presence of the jury, and his opinions shall be limited to its January 30, 2026 disclosure. Otherwise, his testimony shall be limited to Rule 1006 summaries of admitted records, without tracing conclusions or opinions about control of accounts.

5. The labels "Shell Co.," "Entities Named in Indictment," "Harry Entities," "for the Benefit of Harry," "Nominee Owners," "Harry's Model" and "luxury" shall be removed from any summary or illustrative exhibit and shall not be used by the witness. Accounts shall be identified by name and signatory, with any assumption stated as such. Estimated or unmatched amounts shall be excluded or separately labeled as estimates.

6. Mr. Petron shall not offer opinion testimony on Count 5 or any undisclosed subject. GX 69-72 and GX 78-79 shall not be admitted under Fed. R. Evid. 1006.

7. Before cross-examination, the Government shall produce the materials described in Part 6 of the motion, to the extent they exist.

________________________________

HON. EDWARD S. KIEL, U.S.D.J.

# EXHIBIT A

M Gmail Creaghan Harry <creaghanaharry@gmail.com>

**Michael Petron: outstanding disclosures; authenticity stipulation; BPO agreements**

1 message

**Creaghan Harry** <creaghanaharry@gmail.com> Sun, Nov 22, 2026 at 7:18 PM
To: "Halverson, Darren (FRD)" <darren.halverson@usdoj.gov>, "Peone, Nicholas (FRD)" <nicholas.peone@usdoj.gov>
Cc: "iwright@hunthamlinridley.com" <iwright@hunthamlinridley.com>, "Michael P. Koribanics" <michael@koribanicsandkoribanics.com>, "mpkesquire@gmail.com" <mpkesquire@gmail.com>

Mr. Halverson and Mr. Peone,

Thank you for the November 17 fee disclosure and the "Michael Petron Bio and Testimony" attachment. Before trial resumes on November 30, I request the following. Please respond by Tuesday, November 24, so that any open issue can be raised with the Court in a timely manner.

**1. Michael Petron**

(a) Underlying records. In my Supplemental Omnibus Motion in Limine, filed November 1 (ECF No. 544, Part V.2(d)), I asked that any summary offered under Rule 1006 be supported by underlying records made available to me, and that any purely illustrative slide be identified as a demonstrative under Rule 107.

I have not received that information, in any production or otherwise. I understand Mr. Petron will now cover GX 1 through GX 79. For each of those exhibits, please identify the Bates ranges of the records it summarizes and state whether it will be offered under Rule 1006 or used only under Rule 107.

(b) Final charts and workpapers. The most recent version of Mr. Petron's charts that I have is his January 2026 draft deck. I have not received final versions of his charts, or his workpapers or database, in any production or otherwise.

Please produce the final versions of GX 1 through GX 79. Under Fed. R. Evid. 1006(b), please also make available the database, workpapers, payee-name normalization tables, claims-matching logic and calculations used to prepare each chart, in a form I can review before he testifies.

(c) Assumptions. Please identify, and produce any written record of, each assumption Mr. Petron was given or told to apply in preparing his charts. This includes any assumption about who owned or controlled any bank account or entity shown on them, such as the companies grouped as "Harry Entities" on GX 43. I have not received any such record, in any production or otherwise.

(d) Prior statements and testimony (Giglio / Jencks). None of the following has been produced to me. Please produce:
(i) his prior sworn testimony on the subjects of his testimony here, including the cases on the testimony list you sent on November 17, among them United States v. Anand, United States v. Valle Bosa, United States v. Zaglin and United States v. He;

(ii) his December 22, 2022 statement that Justice Department work makes up 50 to 75 percent of his company's client-services work, identified in United States v. Blackman, S.D. Fla. No. 23-cr-20271, ECF No. 520 at 21; and
(iii) any other statement, report, memorandum or written summary by Mr. Petron or Stout relating to this case.

(e) Sequestration (Fed. R. Evid. 615). The Government invoked the rule on November 4 (Tr. 211). Please state whether the Government or its agents have given Mr. Petron any transcript, summary or description of testimony from this trial, and if so, what was provided and when. **In Blackman (ECF No. 452), the Government disclosed that it had given him other witnesses' trial testimony before he testified.**

**2. Authenticity stipulation**

Please let me know by Tuesday, November 24, whether the Government will stipulate that the following are authentic copies of emails obtained in the Government's search-warrant returns or produced in discovery: DX-585 (DOJ_Harry_0004500934 / DOJ_Harry_0004968656), DX-921 (Filter-YahooOath-0000002634), DX-1271, DX-1272, DX-1273 (DOJ_Harry_0004072752 / DOJ_GD_0000108033), DX-1274 and DX-1269 (DOJ_Harry_0004149392). A complete, unredacted copy of each is attached.

**3. BPO agreements**

Please identify the Government exhibit numbers, if any, of the BPO agreements between PCS CC and Health Now Networks, Prime Liberty and United Marketing Group referenced in Special Agent McCann's testimony on November 19 (Tr. 2079-2080).

Thank you.

Creaghan Harry
Defendant

CONFIDENTIALITY NOTICE: This email and any attachments are intended only for the named recipients and may contain confidential information. If you received it in error, please notify the sender and delete it. Any other use, copying or distribution is prohibited.

---

**7 attachments**

DX-1274.pdf
11K

DX-1269.pdf
101K

DX-1272.pdf
6K

DX-1273.pdf
299K

DX-921.pdf
11K

DX-585.pdf
941K

DX-1271.pdf
1360K